# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **WILLIAM FARMER,**  *Plaintiff,*  v.  **GDCP,** *et al.,*  *Defendants.* | **CIVIL ACTION NO. 5:20-cv-00145-TES-CHW** |

## ORDER

Plaintiff William Farmer, an inmate confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a civil rights action under 42 U.S.C. § 1983. [Doc. 1]. At the time he filed his Complaint, Plaintiff also moved for leave to proceed without prepayment of the filing fee. [Doc. 2]. On May 13, 2020, the United States Magistrate Judge granted Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. 2] but ordered him to recast his Complaint because it did not state a claim upon which relief could be granted. [Doc. 5].

Plaintiff filed a Recast Complaint [Doc. 7], but he failed to cure those deficiencies that the magistrate judge identified in the original Complaint.[1] Thus, Plaintiff has again

---

[1] In his Order [Doc. 5], the magistrate judge specifically instructed Plaintiff "to clearly identify those individuals he wishe[d] to include as named defendants in this case." [Doc. 5, p. 7]. The magistrate judge also provided a series of six questions for the Plaintiff to answer in his Recast Complaint, in order to help Plaintiff better draft his statement of claims. [*Id.* at pp. 7–8].

failed to state a claim upon which relief may be granted,[2] and the Court now **DISMISSES** Plaintiff's Recast Complaint **without prejudice**.

## I. <u>Preliminary Pleading Requirements</u>

Since the Court granted Plaintiff leave to proceed *in forma pauperis*, his Complaint is subject to a preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases); *see also* 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, a court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, the Court "liberally construe[s]" *pro se* claims. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to

---

[2] *Compare* [Doc. 1, pp. 1, 5] *with* [Doc. 7, pp. 1, 5].

2

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282–84 (11th Cir. 2003).

   A. <u>Plaintiff's Recast Complaint</u>

In his Recast Complaint, Plaintiff asserts that he suffers from many medical problems, noting that medical staff issued him various "profiles" relating to these conditions. [Doc. 7, p. 5]. In particular, Plaintiff has profiles that include: "no heavy

lifting," "bottom bunk," "no hands to the back," "soft shoe," and "soft shoe ins[e]rts." [*Id.*]. Additionally, Plaintiff states that he suffers from mental health issues, including bipolar disorder. [*Id.*].

Plaintiff next alleges that "all these officers and [the] unit manager" disregard his profiles. [*Id.*]. Plaintiff also contends that, without his medications, he becomes aggravated easily and is unable to work. [*Id.*]. Next, Plaintiff asserts that someone took away his boots that had soft shoe inserts and gave him a hard pair of "[C]roc[]s" to wear instead. [*Id.*]. He also says that "they" will not let him take his medications and treat the inmates "like trash." [*Id.*]. Finally, Plaintiff asserts that the defendants "are in charge of sending [him] to medical [to receive] med[ications]." [*Id.*].

1. Georgia Department of Corrections

Plaintiff lists the Georgia Department of Corrections in the caption of his Recast Complaint. [Doc. 7, p. 1]. To the extent that Plaintiff attempts to state a claim against the Georgia Department of Corrections, this entity is not a proper defendant in a § 1983 action. In particular, the Eleventh Amendment bars suit directly against a state or its agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). The Georgia Department of Corrections is a state agency and protected against damages claims by sovereign immunity. *See Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994); *see also Will v. Mich. Dep't of State Police*, 491

4

U.S. 58, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability). Accordingly, it is not a proper defendant to this suit.[3]

### 2. Unit Manager Crystal Whiters, Officer Nemins, Officer Falkner, and Officer Ezell

Plaintiff includes Unit Manager Crystal Whiters, Officer Nemins, Officer Falkner, and Officer Ezell in his list of defendants. [Doc. 7, p. 4]. It appears that Plaintiff alleges that these defendants acted with deliberate indifference to his serious medical needs. *See* [*id.* at p. 5]. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain[],' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted). In order to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to satisfy both an objective and a subjective component. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant acted with deliberated indifference to that need. *Id.* at 1243. First, an objectively serious medical need is "one that has been

---

[3] In his initial Order [Doc. 5], the magistrate judge informed Plaintiff that the Georgia Department of Corrections was "not a proper defendant to this suit" for the same reasons as discussed in this Order. [Doc. 5, p. 6].

diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 320 F.3d at 1243 (citation omitted).

Second, with regard to the subjective component, the prisoner must show that prison officials acted with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (internal citation omitted).[4] An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety. *Id.* Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.* Finally, "[a]n Eighth Amendment violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment." *Id.*

---

[4] "To violate the Cruel and Unusual Punishments Clause [of the Eighth Amendment], a prison official must have a 'sufficiently culpable state of mind.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The applicable state of mind is one of deliberate indifference in matters regarding prison conditions or prisoner rights. *Farmer*, 511 U.S. at 834.

Here, Plaintiff did not allege sufficient facts to show *both* of the aforementioned components to state a claim for deliberate indifference to a serious medical need. In this regard, Plaintiff alleges that he cannot lift heavy objects and he needs soft shoes, but he does not provide any information regarding his medical conditions that create these restrictions. Thus, Plaintiff does not state facts to show that he has a serious medical need in this regard. Similarly, Plaintiff's allegation that he suffers from mental health issues is unsupported by any specific facts to demonstrate a serious medical need, with the possible exception of his contention that he suffers from bipolar disorder. Even in this regard, however, Plaintiff does not allege facts showing that a doctor diagnosed him with bipolar disorder or prescribed him treatment for it. Moreover, he does not explain how his bipolar disorder affects him or how the lack of treatment creates a danger to his health or safety. Thus, it is not clear that he has alleged a serious medical need by baldly asserting that he has bipolar disorder.

Regardless, even assuming that Plaintiff has sufficiently alleged a serious medical need, Plaintiff has not alleged any facts showing that any of the named defendants acted with deliberate indifference to that need. On this point, Plaintiff alleges that the defendants "do not care about [his] profiles" and are "in charge of sending [him] to medical" and getting him his medication. [Doc. 7, p. 5]. These broad, sweeping allegations do not demonstrate that any of the named defendants were aware of Plaintiff's medical needs and disregarded a risk of harm to Plaintiff. Accordingly,

these allegations are not sufficient to state a claim for deliberate indifference to a serious medical need. Because Plaintiff has not stated a claim on which relief may be granted, the Court now **DISMISSES** Plaintiff's Recast Complaint [Doc. 7] **without prejudice**.

**SO ORDERED**, this 15th day of October, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
